Jared B. Pearson (12200)
PEARSON LAW FIRM, PLLC
9192 South 300 West, Suite 35
Sandy, Utah 84070
Tele: (801) 888-0991
jared@pearsonlawfirm.org
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| RODNEY WARD, | ) |
| | )    COMPLAINT |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No.: 2:21-cv-00613-TS |
| | )    Judge: |
| GREEN SQUARE COMPANY LLC; and | ) |
| JOEY M. YOUNGER, | ) |
| | ) |
|    Defendants. | ) |

## <u>PLAINTIFF'S COMPLAINT</u>

Plaintiff, RODNEY WARD ("Plaintiff"), by and through his attorneys, alleges the following against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER ("Green Square" and "Younger" respectively and "Defendants" collectively):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Utah Consumer Sales Practices Act, UTAH CODE § 13-11-1, *et seq.* ("UCSPA").

1

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Spanish Fork, Utah County, State of Utah.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Each Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. Green Square is a New York limited liability company and national collection agency headquartered in the Village of East Aurora, Erie County, State of New York.

13. Younger is a natural person and debt collector residing in the City of Buffalo, Erie County, State of New York.

14. The principal purpose of Green Square's business is the collection of debts allegedly owed to third parties.

15. Green Square regularly collects, or attempts to collect, debts allegedly owed to third parties

16. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

18. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

19. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

20. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### *Rodney Ward v. Green Square Company, LLC*

22. Green Square is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

23. The alleged debt at issue arises from transactions for personal, family, and household purposes.

24. Green Square places collection calls to Plaintiff on Plaintiff's cellular telephone at 435-230-2801 in an attempt to collect the alleged debt.

25. Plaintiff has answered Green Square's collection calls and spoken with Green Square's collectors.

26. Plaintiff has spoken to Green Square's collectors and explained that he was unable to pay the alleged debt.

27. In response, Green Square's collectors called Plaintiff a "deadbeat" and "good for nothing."

28. As of April 2021, Green Square had located and communicated with Plaintiff.

29. In or around April 2021, despite Green Square having already located and communicated with Plaintiff, Green Square started placing collection calls to Plaintiff's family members.

30. Green Square's collectors call Plaintiff and Plaintiff's family members from, at least, 833-965-2192, which is one of Green Square's telephone numbers.

31. Plaintiff's family members answered collection calls from Green Square.

32. During the above-referenced collection calls, Green Square's debt collectors disclosed to Plaintiff's son that Plaintiff allegedly owed a debt.

33. Green Square has called Plaintiff's family several times thereafter.

34. Green Square also leaves voicemail messages for Plaintiff and Plaintiff's family.

35. With regard to the above-referenced voicemail messages:

    a. Green Square's collectors make vague and veiled threats of legal action against Plaintiff; and

    b. Green Square's collectors gave the callback number of 888-591-9207, which is one of Green Square's telephone numbers.

4

36. One of Green Square's collectors that calls Plaintiff and Plaintiff's family has identified himself as Mike Mathis.

37. To date, Green Square has not taken legal action against Plaintiff.

38. Green Square has never intended to take legal action against Plaintiff.

39. Green Square's above-referenced actions were a calculated attempt to threaten, embarrass, and coerce Plaintiff into payment of the alleged debt.

40. The natural consequences of Green Square's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

41. The natural consequences of Green Square's actions was to produce an unpleasant and/or hostile situation between Green Square and Plaintiff.

42. The natural consequences of Green Square's actions was to cause Plaintiff mental distress.

### *Rodney Ward v. Joey M. Younger*

43. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-42 herein, with the same force and effect as if the same were set forth at length herein.

44. Younger is the owner of Green Square.

45. Younger is the managing member of Green Square.

46. At all relevant times, acting alone or in concert with others, Younger has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Green Square, and its employees, including the acts and practices set forth in this Complaint.

47. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

48. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA.  See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

## COUNT I:
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff repeats and realleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

50. Defendants violated the FDCPA as follows:

    a. Defendants violated § 1692b of the FDCPA by Green Square calling and communicating with Plaintiff's family with no permissible purpose for doing so;

    b. Defendants violated § 1692b(2) of the FDCPA by Green Square calling Plaintiff's family and disclosing to Plaintiff's family that Plaintiff allegedly owes a debt;

    c. Defendants violated § 1692c(b) of the FDCPA by Green Square communicating with Plaintiff's family in connection with the collection of the alleged debt without the exceptions of §1692b being available to it;

    d. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection

with the collection of an alleged debt when Green Square engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

e. Defendants violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when Green Square's collectors called Plaintiff a "deadbeat" and "good for nothing";

f. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Green Square engaged in, at least, the following discrete violations of § 1692e;

g. Defendants violated § 1692e(2)(A) of the FDCPA by Green Square's false representation of the character, amount, or legal status of any debt when Green Square's collectors made empty and unlawful threats of legal action against Plaintiff;

h. Defendants violated § 1692e(4) of the FDCPA by Green Square's representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Green Square's collectors made empty and unlawful threats of legal action against Plaintiff;

i. Defendants violated § 1692e(5) of the FDCPA by Green Square's threat to take any action that cannot legally be taken or that is not intended to be taken when Green Square's collectors made empty and unlawful threats of legal action against Plaintiff;

 j. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Green Square engaged in, at least, all of the other discrete violations of § 1692e alleged herein; and

 k. Defendants violated § 1692f of the FDCPA by Green Square's use of unfair or unconscionable means to collect or attempt to collect any debt when Green Square engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, RODNEY WARD, respectfully requests judgment be entered, both jointly and severally, against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER, for the following:

51. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

52. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

53. Any other relief that this Honorable Court deems appropriate.

### COUNT II:
### DEFENDANTS VIOLATED THE UTAH CONSUMER SALES PRACTICES ACT

54. Plaintiff repeats and realleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

55. Defendants' above-referenced actions and/or omissions are unfair or deceptive acts or practices as contemplated by the UCSPA.

56. Defendants are each a "supplier" as that term is defined by the UCSPA. UTAH CODE § 13-11-3(6).

57. "A deceptive act or practice by a supplier in connection with a consumer transaction

violates this chapter whether it occurs before, during, or after the transaction." UTAH CODE § 13-11-4.

58. "An unconscionable act or practice by a supplier in connection with a consumer transaction violates this act whether it occurs before, during, or after the transaction." UTAH CODE § 13-11-5.

59. Defendants' conduct amounts to deceptive and unconscionable acts or practices when Defendants engaged in the foregoing prohibited debt collection practices.

60. Defendants' above-referenced conduct cause Plaintiff to sustain damages.

61. Defendants' above-referenced conduct affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

WHEREFORE, Plaintiff, RODNEY WARD, respectfully requests judgment be entered, both jointly and severally, against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER, for the following:

    a. Actual damages or $2,000, whichever is greater, plus costs. UTAH CODE § 13-11-19(2);

    b. Costs and reasonable attorneys' fees UTAH CODE § 13-11-19(5); and

    c. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: October 20, 2021    By: /s/ Jared B. Pearson
    Jared B. Pearson (12200)
    PEARSON LAW FIRM, PLLC
    9192 South 300 West, Suite 35
    Sandy, Utah 84070
    Tele: (801) 888-0991
    jared@pearsonlawfirm.org
    Attorney for Plaintiff